511 P.2d 159

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**James Clinton ALLEN, Defendant and Appellant.**

**No. 13071.**

Supreme Court of Utah.

June 20, 1973.

Lynn R. Brown, Salt Lake Legal Defenders, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David L. Wilkinson, William T. Evans, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The defendant appeals from a conviction of the crime of robbery. He makes but one assignment of error: "The court below erred in refusing to grant appellant's motion to suppress the identification testimony of the robbery victims." He relies upon Section 77-13-38, U.C.A.1953 (1971 Pocket Supplement), which reads as follows:

A suspect has the right to have his attorney present at a line-up, and the magistrate shall notify the suspect of this right. Every person that is unable to employ counsel shall have representation by an attorney appointed by the magistrate for purposes of the line-up.

In the instant matter there was no line-up at all. Two male Negroes tied and bound the lady manager and a lady customer of a downtown store in a back room and robbed them. The two ladies freed themselves very soon and notified the police. They testified that within a matter of seconds the police arrived. In the mean-time another officer saw the defendant and a male companion get into a car parked about one and one-half blocks from the scene of the robbery and start to drive away. The description given to the police seemed to fit the two men, and as other officers converged on the car, the passenger undertook to flee but was detained.

The officers at the store asked the two victims to go with them less than one block to the place where the car was in which the two suspects were being held. The victims and the two officers arrived there between ten and fifteen minutes after the robbery had been committed. Both victims, without any prompting, made positive identification of the suspects as being the robbers. The defendant was one of the men so identified.

It was entirely proper to have the victims see the men being detained. If the men could not be identified as the guilty people, then they would have been allowed to proceed on their way. A victim of a robbery should not be denied an opportunity to see the robber until her memory might fade and thus be less reliable. To view a suspect immediately after one sees a crime committed would enable a victim to be more positive in making a true and correct identification than would be possible afterwards. The greater the elapse of time, the greater would be the chance

for a misidentification. It would thus seem to be a factor of safety to the innocent to be seen while the details of dress and features are fresh in the minds of the victim.

The question of immediate identification was before this court in the case of State v. McGee.[1] There, a defendant committed grand larceny and was pursued and caught. Within fifteen or twenty minutes a witness to the larceny went to the police station, where he identified the defendant as the thief. The defendant there moved to dismiss the charge on the ground that he had been identified in a line-up situation without being advised of his right to counsel. This court rejected the defendant's claim of error and affirmed the conviction.

In the instant matter the refusal to suppress the identification seems equally correct as it was in the McGee case, for here the defendant was within a block of the scene of the crime, while there the defendant was in the police station. In either situation there is no error in having an immediate identification of a suspect under detention simply because an attorney is not present.[2]

The judgment is affirmed.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.

1. 24 Utah 2d 396, 473 P.2d 388 (1970).

2. State v. Spencer, 24 Utah 2d 361, 471 P.2d 873 (1970).