The STATE of Utah, Plaintiff
and Respondent,

v.

George **MARTINEZ**, Defendant
and Appellant.

No. 14025.

Supreme Court of Utah.

April 1, 1976.

George Martinez, pro se.

Vernon B. Romney, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

In this matter counsel for defendant filed a brief on appeal and then pursuant to the suggestion made by the United States Supreme Court in the case of *Anders v. California* [1] requested permission to withdraw.

The appellant was convicted by a jury in the court below of the crime of attempted aggravated robbery and thereafter was sentenced to prison.

On the morning of trial the defendant moved to exclude identification evidence, which motion was denied on the ground that the motion was not timely filed.

The identification evidence was positive. The victim identified him the same night the crime was committed. Another witness who worked in the market where the crime was committed positively identified the appellant as the one who perpetrated the offense, and also identified the gun, taken from the appellant when arrested, as being the same one used in the crime.

An independent witness who was in the market saw the crime and also identified the appellant as being the man involved in the crime. A buddy of the appellant testified that he was with him in the market at the time of the alleged crime, but denied that there was any attempted robbery.

The thrust of the argument of appellant is that the witnesses should not have been permitted to testify because shortly after the crime the defendant was arrested and the three eye witnesses were taken to the point of arrest where each positively identified him. He claims that their testimony was tainted.

There is no merit to the claim.[2] The evidence was properly received by the court and the verdict of guilty was based upon competent and sufficient evidence.

The judgment is therefore affirmed.

HENRIOD, C. J., and CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

1. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967).

2. *State v. Allen*, 29 Utah 2d 442, 511 P.2d 159 (1973).